**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAT DELOS SANTOS, | No. 09-15257 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-02948-VRW |
| v. | |
| JOHN E. POTTER, Postmaster General, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Submitted March 11, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Delos Santos appeals from the district court's summary judgment in favor of

defendant Potter, Postmaster General. Delos Santos alleges that he was coerced

into resigning his position with the postal service on account of his age and/or race,

in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 621 et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. We review the district court's summary judgment de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). Because Delos Santos has failed to establish a prima facie case, we affirm.

We evaluate ADEA and Title VII claims based on circumstantial evidence through the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). At the first step of the *McDonnell Douglas* analysis, Delos Santos must establish a prima facie case of discrimination. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). He may meet this burden by demonstrating: (1) that he was a member of a protected class; (2) that he was performing his job in a satisfactory manner; (3) that he suffered an adverse employment action; and (4) that he was treated differently than a similarly situated employee who did not belong to the same protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Delos Santos resigned his position with the postal service after an investigation uncovered evidence that he had rifled mail. Delos Santos alleges that his resignation was coerced. To show that his allegedly coerced resignation was discriminatory, Delos Santos alleges that two similarly situated employees outside of his protected class, Lee and Regacho, received more favorable treatment. Delos

2

Santos has proven neither that Lee and Regacho were outside of his protected class as a matter of race or age nor that they were similarly situated yet received more favorable treatment.

Delos Santos is an Asian-American and was 56 years old at the time of his resignation. Lee and Regacho are both within the same protected class as Delos Santos with regard to race. Regacho was 47 at the relevant time and therefore falls within the same protected category as Delos Santos with respect to age. Delos Santos offered no evidence – only speculation – that Lee was in a different category with respect to age.

Delos Santos has not proven that either Lee and Regacho were similarly situated because, while Delos Santos was observed rifling mail on several occasions, Lee and Regacho were observed in only a single incident of mail rifling. Delos Santos has not proven that Lee and Regacho received more favorable treatment, because Delos Santos resigned his position. Delos Santos alleges that he was denied access to policies and procedures applied to other employees, such as Lee and Regacho. The procedures cited by Delos Santos apply to employees who are disciplined or removed from service and not those who resign, like Delos Santos.

**AFFIRMED.**

3